IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EDWARD KENT HAUERSPERGER, } | |
| TDCJ-ID NO.873197, } | |
|     Petitioner, } | |
| v. } | CIVIL ACTION NO. H-05-704 |
| } | |
| DOUGLAS DRETKE, Director, } | |
| Texas Department of Criminal } | |
| Justice, Criminal Institutional } | |
| Division, } | |
|     Respondent. } | |

OPINION ON DISMISSAL

Petitioner Edward K. Hauersperger, a state inmate, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254[1] in the United States District Court for the Western District of Missouri. (Docket Entry No.1). The Western District Court of Missouri provisionally granted petitioner's application to proceed as a pauper and transferred the petition to this Court. (Docket Entry No.3). The Western District Court of Missouri accurately summarized petitioner's complaint, as follows:

> Petitioner contends that he was kidnapped from the Lexington County Jail on January 28, 1997, by Texas authorities, who transported him back to

---

[1] State and federal court records reflect the following: Petitioner, also known as Edward LaFontaine, was convicted by a jury in Cameron County, Texas, on April 4, 1997, of sexual assault and sentenced to ten years imprisonment, which was probated. Petitioner did not appeal his conviction. He did, however, appeal, the May 10, 1999, revocation of his community supervision. *See LaFontaine v. State*, No.13-99-329-CR, 2001 WL 34403081 (Tex. App.–Corpus Christi 2001, no pet.) (affirming the judgment of the state district court in an unpublished opinion). Petitioner has also filed several state habeas applications. The first was dismissed because a direct appeal was pending. Three others were denied without written order. *See* Texas Judiciary Online -Court of Criminal Appeals website at http://cca.courts.state.tx.us/opinons. Petitioner has also filed numerous law suits in this Court and others. *See Hauersperger v. Dretke*, Civil Action No.05-0945 (S.D. Tex. Mar.31, 2005).

> Texas for trial. . . . In addition to the "criminal kidnapping" claim in which petitioner contends that he was transported to Texas illegally, petitioner raises the following grounds for relief: he was denied "due process" because he was "refused magistrate judge, to tell him no crime had been committed [sic] in Texas"; he was denied "equal rights" because he was beaten and sexually molested by Texas men and women and refused food because he does not cut his hair or shave"; and he was subjected to "cruel and unusual punishment/life endangerment" when he was beaten and raped on film on June 12, 1999, at the Skyview Hospital for being an informant.

(Docket Entry No.3). The Western District Court of Missouri also correctly noted that plaintiff's challenge to his allegedly improper extradition is a challenge to his civil rights and must be litigated pursuant to 42 U.S.C. § 1983. (*Id.*); *see Siegel v. Edwards*, 566 F.2d 958, 960 (5th Cir. 1978) (holding "[o]nce a fugitive has been brought within custody of the demanding state, legality of extradition is no longer proper subject of any legal attack by him"); *Crumley v. Snead*, 620 F.2d 481, 483 n.9 (5th Cir. 1980) (noting "[a] failure to comply with extradition procedures is actionable under section 1983"). Because petitioner seeks relief pursuant to 42 U.S.C. § 1983, the Clerk is ORDERED to correct the docket sheet to reflect the re-designation of this case as a complaint for violation of civil rights, designating petitioner Edward K. Hauersperger as the Plaintiff and "Douglas Dretke" as the Defendant.

The Western District Court of Missouri further observed that petitioner was subject to the "three strikes rule" of 28 U.S.C. § 1915(g) when it granted petitioner provisional leave to proceed as a pauper, subject to modification by this Court. (Docket Entry No.3). A prisoner cannot file a civil action *in forma pauperis* in federal court if, on three or more prior occasions, while incarcerated, he brought an action that was dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). The only exception to revocation of an inmate's privilege to proceed *in forma pauperis* is if he is in immediate danger of serious physical harm. *Banos v. O'Guin*, 144 F.3d 883,

2

884 (5th Cir. 1998).  Because petitioner states no facts to indicate that he is in immediate danger of serious physical harm, the Court will VACATE the order granting petitioner's application to proceed as a pauper. (Docket Entry No.2).  Because petitioner is subject to the provisions of § 1915(g), the Court ORDERS petitioner's application to proceed as a pauper be DENIED (Docket Entry No.2) and this complaint DISMISSED, without prejudice.    All pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order to all parties, to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX  78711, Fax 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention:  Betty Parker.

SIGNED at Houston, Texas, this 29th day of April, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE